The next case is Beck v. McDonough. Counselor Carpenter, you have reserved five minutes of your time for rebuttal. Is that correct? I have, Your Honor. All right. You may proceed, sir. May it please the Court, Kenneth Carpenter appearing on behalf of Wanda Beck. Mrs. Beck is the substituted appellant in this matter for her deceased husband. The issue on appeal in this matter concerns the scope and applicability of the rule of law concerning issue exhaustion. Mr. Beck appealed the effective date of the assignment of his award for compensation for his disability from major depressive disorder. The Board's November 20, 2019, decision denied an earlier effective date prior to October of 2013. Thus, it is clear that there was only one issue that was before both the Board and before the Veterans Court. And that issue was the question of effective date. Let me tell you how I'm thinking about this. So here, as I understand it, because I don't understand any alternative, there isn't kind of a general question of effective date. There is, rather, a question whether there was a pre-2013 unadjudicated claim. Correct. Before the Board, the argument was there was such an unadjudicated claim in the March claim, the pension claim, as interpreted in light of the later developments, most importantly, I guess, full stop. Then, in the Veterans Court, there was a discussion of two separate possible unadjudicated claims. The principal one that was discussed is the 2007 filing, whether that was an unadjudicated claim. And that was the first thing that the Veterans Court talked about, sort of under the heading of Shea. And then it talked a little bit about the effect of the April 2005 medical note, or whatever it was called, on a separate possible unadjudicated claim in 2005. Now, if that's the right way to think about it, then why isn't it right that issue preclusion indeed readily applies to the 2007 unadjudicated claim? Because that had never been presented to the Board. But then it gets harder about whether issue preclusion applies for the idea of the assertion that there was a March 2005 unadjudicated claim. There's a lot that goes into that. Yes, and I think that does encapsulate the dilemma of the lower court making the determination on issue preclusion because... Issue exhaustion. I'm sorry, issue exhaustion. I'm sorry, excuse me. Based upon some conflicting descriptions within this court's case law, but also the question of the precision of what we're talking about here versus an issue versus an argument. And that the underpinning is whether something is or isn't a new argument. Right, that's why I guess I've translated this into... Its component parts. Well, into are you asserting that there was an unadjudicated claim? Because that's the only way I can see how you get the effective date back. You don't have a CUE claim. You don't have a reopening. You need an unadjudicated claim. That's correct. And it seems to me that saying that there was a 2005 unadjudicated claim is a different issue from saying that there was a 2007 unadjudicated claim. Let me try approaching it this way. To me, it is easy to understand in the context of CUE. Because CUE is a specific pleading prerequisite. You must specifically allege your basis. There is no corresponding pleading requirement for asserting an entitlement to an earlier effective date. So in the context of the broad spectrum of earlier effective date, we believe that it is inappropriate to use this rule of law to constrain an appellant from being able to present any argument that is supported by evidence in the record. Because there is no burden on the part of Mr. Beck to have presented arguments. To the contrary, Congress has imposed the burden on the board to review all of the evidence and all potentially applicable provisions of law and regulation for which pending claim individually or multiply would apply. And that simply didn't happen here. And that was the error of law that was being presented by Mr. Beck in his appeal to the Veterans Court. It is true that if you wish to segregate these and say below there was not a presentation on the issue of both pending claims, that is a correct statement. But does that constitute a basis to deny Mr. Beck the right to judicial review of the board's decision to determine whether the board acted in compliance with its 7104A duty? That seems to us to be the difference between what is proper in excluding or precluding and denying judicial review. And clearly the result here is he didn't get reviewed the arguments that he presented. Because they were characterized by the lower court as being new arguments. They are not new arguments because the overarching argument was only effective date. They were new issues about what constituted an earlier effective date or the right to an earlier effective date which should have been considered by the Veterans Court on the merits as opposed to exercising what it referred to as its discretion in the interest of judicial efficiency to not consider those issues. Because all this does is to recycle this back for another presentation particularly available now under the AMA to present this all over again. And it doesn't get judicial resolution to the issue of earlier effective date. It only forces the veteran to go back and present it anew in a more precise pleading context. Part of the premise of the entire issue exhaustion doctrine that there are certain things that you're not going to be allowed to present for the first time to the Veterans Court. There are things that really should have been presented for the first time to the board or to the VA in some capacity before raising it to the Veterans Court. So I mean I guess my point is if we take your argument too far it would eliminate the issue exhaustion principle. Well don't let me hold you back from doing that. But having said that I believe that the premise for the constraint upon the Veterans Court was based upon a conclusion by this court that there was a pleading requirement in VA's regulations relative to a VA 9 under the legacy system requiring the identification of the issue. That no longer exists under the AMA. And so as a consequence that underpinning for why the Veterans Court should be constrained does not any longer exist in VA regulation. And therefore it seems to me that without that underpinning that what we are suggesting is that it is not appropriate to have issue exhaustion or excuse me issue preclusion whatever the right terminology is I apologize. In the context of a non-adversarial system in which Congress has expressly imposed a burden on the Board of Veterans Appeals to consider all evidence of record and all potentially applicable provisions of law and regulation in order to arrive at a non-adversarial resolution as to the entitlement of the benefit. And the benefit here is an earlier effective date. Whether it is on the basis of one pending claim or multiple pending claims or some other theory that maybe was not fully explored presented by the veteran in a non-adversarial system. I see that I am going into my rebuttal time and I would like to reserve the balance if that is possible. Yes, Your Honor, may it please the Court. This Court lacks jurisdiction to consider the Veterans Court application of issue exhaustion law to the facts of this case. All that happened here was that the Veterans Court determined that Mr. Beck was raising a legal argument for the first time before the Veterans Court. It applied the balancing test that this Court has set forth in Magic, Cook, Dickens and several other cases and simply decided not to consider the issue when balancing the interest of the veteran versus the interest of judicial efficiency. This Court lacks jurisdiction to... Why would it not be a legal question for us to examine whether the Veterans Court applied a view of issue exhaustion that was overbroad in Bozeman terms. And I guess I'm thinking in particular there might be a distinction between the 2005 unadjudicated claim and it might matter here because even if it is the 2005 unadjudicated claim, a certian might well fall within those three minutes. Right, yes, so in Bozeman the Court did exercise jurisdiction. The issue there was a little bit broader because it was about whether evidence already in the record could... whether issue exhaustion could be applied to evidence already in the record versus a legal argument. And the Court narrowly held that citation of record evidence in support of a legal argument that has been properly preserved for appeal, that issue exhaustion cannot be involved in that situation. The thought that I'm trying to explore is whether that is an applicable description of the 2005 unasserted claim issue because the April 2005 treatment note, is that what it's been called? It was in the record in support of an assertion plainly made to the Board, namely I should have a March 2005 effector date because there was a claim that I made for this and it's never been adjudicated. Why doesn't... and the Veterans Court treated the issue, applied issue exhaustion to that as well, right? I disagree, Your Honor, a little bit on that. I think the 2005, yes, it was in the record as a piece of evidence, but what was new before the Veterans Court and what the Veterans Court focused on as the new thing was the Shea argument. The Veterans Court said, we didn't say we're applying issue exhaustion not considering the 2005 claim at all, just that we're applying issue exhaustion to the Shea-based argument because the counsel failed to raise Shea before the Board. So it is about a legal argument and this Court has distinguished legal arguments versus the very narrow exception in Bozeman for citation of existing record evidence. We're not arguing that the Veterans Court couldn't have looked at that 2005 pension application filing. Certainly, they could have. That wouldn't even come under issue exhaustion because it clearly was mentioned before the Board. That was the focus of Mr. Beck's argument before the Board. So it's not that. It's that Mr. Beck first raised Shea before the Veterans Court and the Veterans Court decided not to consider a legal argument, which this Court has said in Scott and in Dickens. They used specifically that terminology, legal argument, and that issue exhaustion can apply to new legal arguments before the Veterans Court. That's the distinction that I would make on the jurisdiction, that it's just a legal argument, which this Court has said issue exhaustion can apply. Bringing up Shea was a new legal argument. The Veterans Court looked at it. Applying issue exhaustion law that's been well established by this Court, the Veterans Court said we shouldn't consider Shea in the first instance and accordingly from the Board. If the Court does decide that it has jurisdiction to consider this issue, I do want to address a little bit this unadjudicated claim. I know you mentioned that there was a difference between the 2005, which was clearly in the record, the 2005 pension application, which Mr. Beck was then arguing should have also been considered a service connection claim. And then there is also this 2007 filing, which is later mentioned. And we would assert that, yes, these were basically two different claims. Yes, they both sort of fall under the umbrella of effective date, but they're two entirely different considerations. One would be arguing for 2005 effective date based on this assertion that the pension claim should have also been considered a claim for service connection. That was certainly considered below. But then there's this new argument raised, I believe for the first time before the Veterans Court, that Shea required review also of this 2007 filing, which is an entirely separate issue that was first raised before the Veterans Court. Now, could the Veterans Court, again, that filing would have been in the overall record, so filing itself could have been considered. But this argument based on Shea was a legal argument that the Veterans Court, in its discretion, certainly could have and chose to apply Issue of Exhaustion to. I also want to address, too, just to be clear what the Veterans Court did here, because Mr. Beck's opening brief focuses a lot on the supposed expansion of Issue of Exhaustion law to reasons or bases arguments. And he asserts that that's improper, but that's not actually what happened here. The Veterans Court, as I've said, simply saw Mr. Beck as raising Shea a legal argument for the first time before the Veterans Court. They never said that Issue of Exhaustion applies to reasons or bases. That was not the basis of their decision. They viewed Shea as the new legal argument and said, just basically applying this Court's precedent, that Issue of Exhaustion could apply to Shea and chose not to consider the Shea argument. So this case really has nothing to do about whether Issue of Exhaustion law can, should, apply in a reasons or bases situation. The Court has no further questions. There's one thing that Mr. Carpenter said that maybe you can help me understand. I thought I heard him say something to the effect that something changed in or as a result of the 2017 Modernization Act that knocks out some premise for Issue of Exhaustion. Your Honor, I apologize. I'm not sure precisely what change he was referring to. That's not something that was referenced in either his opening brief or his reply brief. What distinction I would make is pro se versus counsel. There are obviously sympathetic reading requirements when there's pro se, when a Veteran is proceeding pro se. Those do not apply in cases in which the Veteran is represented by counsel. Here, the Veteran had been represented by a Veterans Service Officer all the way from the beginning of everything we're talking about pre-2005 and had been represented by counsel before the Board at the time that these effective date claims began. So counsel at that time chose specifically to make the effective date argument solely on the 2005 pension claim, arguing very specifically that the 2005 pension claim should have also been considered a claim for service connection. Counsel, for whatever reason, chose not to mention this other 2007 filing. And, you know, the Court needs to take into account that there are reasons why counsel may or may not make certain arguments and to consider just those arguments that have been presented, particularly in cases in which a Veteran is represented by counsel. What should we think about as to the April 2005 note? Is that part of the March 2005 claim? As I understand it, it was filed with it or shortly after it. So certainly it was part of the record at the time that claim was considered. Whether that note actually says anything about depressive disorder is a bit questionable. The Court should not delve deep into the facts here, but if you look at the appendix on page 147, the treatment note talks about a history of in-service stressors. It talks about substance abuse, but there's no real actual reference to depressive disorder. So to the extent it was in the record, it's not evident that it's the poison. What's the effect of that, that the 2005 treatment note was mentioned by the petitioner? In the brief? That it was mentioned in the brief? I mean, as this Court held in Bozeman, citation to something that was in the record can be brought up for the first time before the Veterans Court. So there's no problem with mentioning that or saying that it was in the record. Under 7104D, the Board is required to consider all material issues of fact and not present it on the record. So certainly if it was on the record, it was on the record. With respect to the pension claim, I'm looking at a regulation 3.151A, which says a claim by a veteran for pension may be considered to be a claim for compensation. Does that have any... It's a maybe. It doesn't have to be, but it's a maybe. Sorry, I interrupted you. It does not have to be, and the Court addressed that in its decision and said that yes, it did recognize the existence of that regulation, but that doesn't always have to consider a pension claim as a service-connected disability claim. And in this case, the Board goes through all the reasons why this didn't appear to be a service-connection claim. We checked the box just for pension. There was an attachment form, I think, Part D, that just says pension, didn't fill out the attachment for compensation, all those things. So the Board did consider that and determined that the maybe in this case fell in the no because it seemed fairly obvious to the Board that it was just a pension claim. Thank you. Thank you. Judge Toronto, if I can address the question about the AMA. I was responding to Judge Chen's question about the underpinnings for the existing case law about issue exhaustion and was explaining that it's my understanding that that case law is predicated upon a legacy requirement that in a VA Form 9, there is a specific duty imposed by regulation upon an appellant to identify issues that they wish to have presented before the Board. That doesn't exist anymore because the AMA eliminated the duplicity of an NOD and a VA 9 and the interim statement of the case. That's going from the RO to the Board. Correct. That's not going from the Board to the veterans. The appeal is taken directly to the Board. There is no further action in terms of a statement of case with a need for a VA 9. So that's the reference that was being made and no, that wasn't in the briefing. Okay. As regards to the jurisdictional question, I believe that what is overlooked by the government in their assertion is that SHAE was applicable law at the time in which the Board made its decision on effective date. If SHAE was applicable law, then the Board had a statutory obligation as a potentially applicable provision of law to address it. Clearly, it was presented in relationship to the pension claim and the focus on SHAE as being the justification is simply exemplary of why this is legal error. It's not the question of whether SHAE presented a new legal argument. It's a question of whether or not there was evidence in the record, which there was, that raised the question of a pending claim. That evidence should have been allowed to be reviewed by the Veterans Court for a final decision so that Mr. Beck could have taken appeal on the denial of that. Instead, Mr. Beck was denied judicial review, saying that no, these were new arguments and as new arguments, the Court was not going to consider them and there was an affirmance without consideration of what was statutorily obligated to have been addressed by the Board. Now, on the merits, the government tells this Court that there are two different claims here. I'm sorry, that is absolutely and categorically wrong. There's one claim, a claim for an earlier effective date. There is no VA form for an effective date. You simply express disagreement with the effective date assigned. There is no specific pleading requirement. Therefore, it is up to the Board to develop evidence to substantiate the claim under 3.103A to support the entitlement to an effective date. That didn't happen. That was a decision that was made on a very narrow basis that rejected the presentation relative to the pending pension claim and that should have been sufficient to allow for the Veterans Court to take jurisdiction and it was an inappropriate legal decision by the Veterans Court to use issue exhaustion as the basis for the refusal to consider that issue. That issue should have been considered. There should have been a decision. This Court should vacate the Veterans Court decision and remand with instructions to address that. Unless there are further questions by the panel, I thank you very much for your time. Thank you. We thank all the parties for their arguments this morning for their outstanding research.